**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Abraham Considine Living Estate Trust,

Plaintiff,

v.

Unknown Party,

Defendant.

No. CV-25-00716-TUC-JGZ

**ORDER**

On December 30, 2025, pro se Plaintiff Abraham Considine Living Estate Trust filed the Complaint in the above-captioned matter. (Doc. 1.) Plaintiff names an unknown party, "John Henry Doe," as the sole defendant. (*Id.* at 2, 4.) Plaintiff paid the filing fee for this action but has not served any defendant. Plaintiff cites various federal statutes and treaties as the basis for this Court's jurisdiction, including the Administrative Procedure Act, Social Security Act, and Treaty of Versailles of 1919. (*Id.* at 3–5.) The Court is unable to decipher the factual or legal basis for Plaintiff's claims. Therefore, the Court will dismiss the Complaint with leave to amend.

## I.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Especially where the pleader is pro se, the "pleading should be liberally construed in the interests of justice." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put a defendant on notice as to the nature and basis of the claim(s).

Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). "Each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Failure to set forth claims in such a manner places the onus "on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought." *Haynes v. Anderson & Strudwick, Inc.*, 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981). "Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Ramage v. United States*, No. CIV 14-2132-TUC-CKJ, 2014 WL 4702288, at *1 (D. Ariz. Sept. 22, 2014) (citing *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997), *aff'd sub nom. Benoit v. Ocwen Fin. Corp.*, 162 F.3d 1177 (11th Cir. 1998) (compliance with rule mandatory where allegations were so confounding and conclusory, claims were commingled, and unfeasible to decipher nature of claims)).

Additionally, a district court may dismiss a complaint sua sponte if the plaintiff fails to allege sufficient facts demonstrating each element of Article III standing. *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023). "[A] plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

## II.    Complaint

Plaintiff sues Defendant John Henry Doe, but the statement of claim does not refer to this individual, and the Complaint does not identify who this individual is or what this individual allegedly did or failed to do. *See Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022) (explaining that a plaintiff that uses "John Doe" to identify unknown defendants in a complaint must still allege specific facts showing how the defendant violated the law); *Hollandsworth v. City & County of Honolulu*, 440 F. Supp. 3d

- 2 -

1163, 1185 (D. Haw. 2020) (same). Moreover, the Complaint mentions "certain property rights, lost wages, and other forms of va[luable] consideration," and "certain rights to Survivorship of certain payment and benefits of the Old Age Survivor Disability Insuran[c]e policy," but Plaintiff has not pleaded any facts indicating entitlement to relief under the cited statutes. Absent more, Plaintiff's Complaint does not comply with Rule 8, and the Court will dismiss it without prejudice and with leave to amend.

To the extent the Attachment of Documents to the Complaint (Doc. 5) can be considered part of the Complaint, it is unfeasible to decipher the nature of any claims raised therein. Plaintiff appears to have mailed documents to many government entities and officials, but it is unclear how those documents relate to any legal cause of action or support a justiciable case or controversy. Should Plaintiff choose to file an amended complaint, Plaintiff is directed to comply with Federal Rule of Civil Procedure 10(b), which requires stating "claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

For similar reasons, the Complaint fails to allege sufficient facts demonstrating any of the elements of Article III standing. The Court cannot discern Plaintiff's injury, what specific conduct may have caused an injury, when the conduct occurred, the specific parties or persons who allegedly engaged in such conduct, or how a court decision would redress Plaintiff's injury.

### III. Leave to Amend

The Court will dismiss the Complaint with leave to amend.[1] *See Noll v. Carlson*, 809 F.2d at 1448 (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file a First Amended Complaint.

---

[1] The Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/proceeding-without-attorney-0, prior to submitting an amended complaint. Plaintiff is also advised that the non-profit Step Up to Justice provides free, advice-only consultation to federal self-represented litigants. More information is available at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson (last visited Feb. 26, 2026).

*See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An amended complaint must be clearly designated as the First Amended Complaint on the face of the document and formatted in compliance with LRCiv 7.1. Plaintiff is advised that if an amended complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED:**

1.      Plaintiff's Complaint (Doc. 1) is **dismissed** for failure to state a claim, failure to comply with Rule 8(a), and lack of standing.

2.      If Plaintiff fails to file a First Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

Dated this 26th day of February, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 4 -